PROSKAUER ROSE LLP
Neil H. Abramson
1585 Broadway, office 2002
New York, New York  10036
(212) 969-3001
*Attorneys for Defendants*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MAYRA REGALADO by her father and natural :
guardian LUIS REGALADO,              :     08 Civ. 4522 (PKC) (KNF)
                                     :
    Plaintiff,                       :     **ECF CASE**
                                     :
v.                                   :     **ANSWER**
                                     :
PAX VENTURES LLC A.K.A.              :
PAX WHOLESOME FOODS, AND             :
SINGH SHAMINDER individually,        :
                                     :
    Defendants.
------------------------------------X

       Defendants Pax Ventures LLC ("Pax") and Singh Shaminder ("Shaminder") (collectively "Defendants"), by and through their attorneys, Proskauer Rose LLP, hereby answer the Complaint as follows:

       1.    Deny the allegations contained in paragraph 1 of the Complaint, except admit that Plaintiff purports to make out claims for the relief stated therein based on the statutes and authorities cited.

       2.    Deny the allegations contained in paragraph 2 of the Complaint, except admit that Plaintiff purports to make out claims for the relief stated therein based on the statutes and authorities cited.

       3.    Deny the allegations contained in paragraph 3 of the Complaint, except admit Plaintiff purports to base jurisdiction of this action on the statutes cited therein.

4. Deny the allegations contained in paragraph 4 of the Complaint, except admit Plaintiff purports to base venue in the Southern District of New York.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Deny the allegations contained in paragraph 6 of the Complaint, except admit Pax is a domestic corporation duly existing in the State of New York.

7. Deny the allegations contained in paragraph 7 of the Complaint, except admit Pax does business in the State of New York.

8. Deny the allegations contained in paragraph 8 of the Complaint, except admit Pax is a domestic corporation duly existing in the State of New York.

9. Deny the allegations contained in paragraph 9 of the Complaint, except admit Pax does business in the State of New York.

10. Deny the allegations contained in paragraph 10 of the Complaint, except admit Pax is a domestic corporation duly existing in the State of New York.

11. Deny the allegations contained in paragraph 11 of the Complaint, except admit Pax does business in the State of New York.

12. Deny the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint, except admit that Shaminder resides in the State of New York.

14. Admit the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint, except admit Shaminder was employed by 835 Third Avenue Bake, LLC.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint, except admit Shaminder was employed by 835 Third Avenue Bake, LLC.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and refer to the document attached to the Complaint for the most complete and accurate description of its contents.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint, except admit that Plaintiff was employed by 835 Third Avenue Bake, LLC in or about September 2007 on a temporary, conditional basis as a "cashier", subject to her ability to produce documentation regarding her eligibility to work legally in the United States of America.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint, except admit that Plaintiff was hired on a temporary, conditional basis by Shaminder as a "cashier", subject to her ability to produce documentation regarding her eligibility to work legally in the United States of America.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint, except admit that Shaminder advised Plaintiff that she could not be offered full-time employment because she had not provided documentation of her eligibility to work as required by law and as previously requested.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint, and refer to Defendants' answer to paragraph 34 as its answer to this allegation.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint, except admit that Plaintiff purports to state this claim.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of the Complaint.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint.

51. Deny the allegations contained in paragraph 51 of the Complaint.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Deny the allegations contained in paragraph 54 of the Complaint.

55. There is no paragraph 55 of the Complaint.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. With respect to the allegations in paragraph 57 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58. Deny the allegations contained in paragraph 58 of the Complaint, except refer to the statute cited therein for the most complete and accurate description.

59. Deny the allegations contained in paragraph 59 of the Complaint.

60. Deny the allegations contained in paragraph 60 of the Complaint, except admit that Plaintiff purports to state this claim.

61. With respect to the allegations in paragraph 61 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62. Deny the allegations contained in paragraph 62 of the Complaint, except refer to the statute cited therein for the most complete and accurate description.

63. Deny the allegations contained in paragraph 63 of the Complaint.

64. With respect to the allegations in paragraph 64 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65. Deny the allegations contained in paragraph 65 of the Complaint, except refer to the statute cited therein for the most complete and accurate description.

66. Deny the allegations contained in paragraph 66 of the Complaint.

67. With respect to the allegations in paragraph 67 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 66 of the Complaint as fully set forth herein.

68. Deny the allegations contained in paragraph 68 of the Complaint, except refer to the statute cited therein for the most complete and accurate description.

69. Deny the allegations contained in paragraph 69 of the Complaint.

70. Deny the allegations contained in paragraph 70 of the Complaint, except admit that Plaintiff purports to state this claim.

71. With respect to the allegations in paragraph 71 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72. Deny the allegations contained in paragraph 72 of the Complaint, except refer to the statute cited therein for the most complete and accurate description.

73. Deny the allegations contained in paragraph 73 of the Complaint.

74. With respect to the allegations in paragraph 74 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 73 of the Complaint as if fully set forth herein.

75. Deny the allegations contained in paragraph 75 of the Complaint, except refer to the statute cited therein for the most complete and accurate description.

76. Deny the allegations contained in paragraph 76 of the Complaint.

77. With respect to the allegations in paragraph 77 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 76 of the Complaint as fully set forth herein.

78. Deny the allegations contained in paragraph 78 of the Complaint, except refer to the statute cited therein for the most complete and accurate description.

79. Deny the allegations contained in paragraph 79 of the Complaint.

80. With respect to the allegations in paragraph 80 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 79 of the Complaint as fully set forth herein.

81. Deny the allegations contained in paragraph 81 of the Complaint, except refer to the statute cited therein for the most complete and accurate description.

82. Deny the allegations contained in paragraph 82 of the Complaint.

83. With respect to the allegations in paragraph 83 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 82 of the Complaint as fully set forth herein.

84. Deny the allegations contained in paragraph 84 of the Complaint, except refer to the statute cited therein for the most complete and accurate description.

85. Deny the allegations contained in paragraph 85 of the Complaint.

86. With respect to the allegations in paragraph 86 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 85 of the Complaint as fully set forth herein.

87. Deny the allegations contained in paragraph 87 of the Complaint, except refer to the statute cited therein for the most complete and accurate description.

88. Deny the allegations contained in paragraph 88 of the Complaint.

89. With respect to the allegations in paragraph 89 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 88 of the Complaint as fully set forth herein.

90. Deny the allegations contained in paragraph 90 of the Complaint.

91. Deny the allegations contained in paragraph 91 of the Complaint.

92. Deny the allegations contained in paragraph 92 of the Complaint.

93. Deny the allegations contained in paragraph 93 of the Complaint.

94. Deny the allegations contained in paragraph 94 of the Complaint.

95. Deny the allegations contained in the WHEREFORE clause of the Complaint (including subparagraphs therein), and:

A. Deny that Plaintiff is entitled to any relief demanded in subparagraph A of the WHEREFORE clause of the Complaint, and further deny that Plaintiff is entitled to any relief whatsoever;

B. Deny that Plaintiff is entitled to any relief demanded in subparagraph B of the WHEREFORE clause of the Complaint, and further deny that Plaintiff is entitled to any relief whatsoever;

C.  Deny that Plaintiff is entitled to any relief demanded in subparagraph C of the WHEREFORE clause of the Complaint, and further deny that Plaintiff is entitled to any relief whatsoever;

D.  Deny that Plaintiff is entitled to any relief demanded in subparagraph D of the WHEREFORE clause of the Complaint, and further deny that Plaintiff is entitled to any relief whatsoever;

E.  Deny that Plaintiff is entitled to any relief demanded in subparagraph E of the WHEREFORE clause of the Complaint, and further deny that Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

96. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

97. This Court lacks jurisdiction over some or all of Plaintiff's claims.

## THIRD AFFIRMATIVE DEFENSE

98. Plaintiff's claims are barred, in whole or in part, by the doctrine of misrepresentation.

## FOURTH AFFIRMATIVE DEFENSE

99. Pax Ventures LLC and Pax Wholesome Foods are not proper parties in this action.

## FIFTH AFFIRMATIVE DEFENSE

100. Plaintiff failed to name a necessary party in this action.

### SIXTH AFFIRMATIVE DEFENSE

101. Any actions taken by Defendants with respect to Plaintiff were in good faith and for legitimate, non-discriminatory, non-retaliatory reasons and/or for good cause.

### SEVENTH AFFIRMATIVE DEFENSE

102. To the extent Defendants were motivated in part by unlawful reasons (which Defendants deny), they would have taken the same actions with respect to Plaintiff for lawful reasons.

### EIGHTH AFFIRMATIVE DEFENSE

103. This action is barred, in whole or in part, because, at all times relevant hereto, Defendants exercised reasonable care to prevent and correct promptly any discriminatory or harassing behavior or misconduct, and Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities provided by Defendants to avoid harm otherwise.

### NINTH AFFIRMATIVE DEFENSE

104. Plaintiff did not suffer any damages attributable to any actions of Defendants.

### TENTH AFFIRMATIVE DEFENSE

105. If Plaintiff has suffered any injury, which the Defendants deny, such injury is the result of Plaintiff's own acts or omissions.

### ELEVENTH AFFIRMATIVE DEFENSE

106. If Plaintiff has suffered damages, which Defendants expressly deny, upon information and belief, she has failed to take reasonable and diligent efforts to mitigate his damages.

## TWELFTH AFFIRMATIVE DEFENSE

107. Plaintiff's claims for emotional distress and/or mental anguish damages are barred, in whole or in part, because Defendants' alleged conduct did not rise to the required level of culpability to justify an award of such damages and/or because Defendants did not cause such damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

108. Plaintiff is not entitled to recover punitive damages in this action because at all times relevant herein, including prior to the allegations that form the basis of the Plaintiff's claims, Defendants have taken good faith efforts to comply with the statutes underlying the Plaintiff's claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

109. Plaintiff is not entitled to punitive damages or attorneys' fees and costs under the New York State Executive Law, and to the extent she seeks punitive damages under New York City or federal law, such relief is barred because Defendants' alleged conduct did not rise to the level of culpability to justify an award of such damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

110. Defendants' liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the New York City Human Rights Law.

## SIXTEENTH AFFIRMATIVE DEFENSE

111. Plaintiff's claim for compensatory damages is barred, in whole or in part, by the exclusive remedy provisions of the New York Workers' Compensation Law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

112.    Plaintiff does not have documentation of authorization to work in the United States of America and, therefore, Plaintiff cannot maintain an action under Title VII, New York State Executive Law, and/or New York City Human Rights Law and/or is entitled not entitled to damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

113.    Plaintiff may not bring an action in the name of her father and natural guardian.

WHEREFORE, Defendants request that the Court enter judgment dismissing with prejudice the Complaint in its entirety against Defendants, together with an award of attorneys' fees, costs and disbursements incurred in this action, and such other relief as the Court deems just and proper.

Dated: New York, New York
       June 30, 2008

PROSKAUER ROSE LLP

By: _____
Neil H. Abramson
1585 Broadway
New York, New York  10036
(212) 969-3001
*Attorneys for Defendants*

Email: nabramson@proskauer.com